IDA LAITI v. H. R. MacNAUGHTIN.[1]

February 13, 1937.

No. 30,907.

*Victor E. Essling,* for appellant.

*Abbott, MacPherran, Dancer, Gilbert & Doan* and *J. R. Zuger,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action for damages for wrongful death arising out of an automobile collision.

[1]Reported in 271 N. W. 481.

168

For purposes of clarity, the statement of facts will be made with reference to the following map, defendant's exhibit 3, which shows the intersection at which the accident occurred:

The accident occurred in Virginia, Minnesota. As is shown on the map, Sixth avenue west runs north and south and at the point where Third street north intersects veers off to the west. It is the duly established route of state highway No. 35 and has been designated as a "Through Street" or arterial.

On the morning of July 12, 1933, defendant, H. R. MacNaughtin, was driving his Nash sedan northerly on Sixth avenue west. At the same time the deceased, John I. Laiti, was driving a Stutz roadster in a southeasterly direction on Sixth avenue west, intending to leave the highway and to go onto Third street north, which led to his home. Defendant came along at that moment intending to follow the highway in its course to the left at the point of intersection. The two cars collided in the intersection at the place designated on the map. Defendant's car stopped within a few feet of the point of collision, but the decedent's car continued on and overturned some distance from the point of the collision when the decedent cramped his wheels to avoid striking another automobile.

At the close of plaintiff's case the court directed a verdict for the defendant. This is an appeal from the judgment entered thereon.

Only one question need be considered: Was there sufficient evidence of negligence on the part of defendant to entitle submission of plaintiff's case to the jury?

It is the contention of plaintiff that defendant was negligent in three main particulars: (a) In violating 1 Mason Minn. St. 1927, § 2720-16, by failing to follow along the center line of the highway when passing through the intersection; (b) in failing to maintain a proper lookout; (c) in failing to have his car under proper control. These will be considered in order.

(a) 1 Mason Minn. St. 1927, § 2720-16, provides in part as follows:

"When intending to turn to the left he shall approach such intersection in the line for traffic to the right and nearest to the center line of the highway and in turning shall keep as near to the center of the intersection as practicable."

The claim is that defendant violated this statute by failing to keep near the center line of the highway while traveling through the intersection. The fact is that he pulled away from the center line toward the right.

There is no merit to this contention. The statute just cited has no application to the facts of this case. Defendant was driving on an arterial highway. There was no intersecting highway on defendant's left that he was about to turn upon. He was merely following the highway, Sixth avenue west, as it curved to the left at an angle of approximately 45 degrees. The statute in question refers only to turn made off one highway onto another intersecting highway and obviously cannot be construed to apply to a turn made on a highway because of a curve in it. The trial court was of this opinion, and its decision was clearly correct.

(b) There is no evidence that defendant failed to maintain a proper lookout while proceeding up to and through the intersection. In fact the testimony on his behalf shows quite clearly that he did keep a lookout. He himself testified that he saw the automobile of the deceased as it crossed the bridge (see exhibit 3) 100 to 125 feet away. The evidence also shows that as soon as the decedent's car turned off Sixth avenue west toward Third street north, defendant turned out to the right, applied his brakes, and stopped within 15 feet. These facts, considered in light of the further fact that there was no signal on the part of the decedent nor any other reason why defendant should have known that decedent would turn from the arterial highway onto Third street, not only fall far short of showing that defendant was not keeping a proper watch but on the contrary indicate that he was so doing. There is no basis for disturbing the lower court's decision on this ground.

(c) Nor is there any evidence tending to show that defendant did not have his car under proper control. In fact the evidence is to the contrary. As has already been stated, the evidence is uncontradicted that when decedent began to proceed toward Third street north defendant turned his car somewhat to the right and stopped within 15 feet. Prior to this, defendant was proceeding in the regular lane of traffic at a speed of about 20 miles per hour. There

is nothing in these facts to warrant an inference that defendant did not have proper control of his car, and the court quite correctly held that there was no issue for the jury.

To summarize, we believe it was definitely established by the evidence that defendant was driving at a legal rate of speed upon the right side of the highway; that decedent proceeding on the same highway from the opposite direction turned suddenly and without signal from the highway, an arterial, cutting in front of defendant; that defendant turned to the right in an attempt to avoid the decedent, but too late to prevent the accident. Not overlooking the fact that the decedent is entitled to the benefit of the usual presumption of due care, we are of the opinion that the record shows that defendant did all any reasonable person would have done to avoid the accident and that there was no evidence upon which to base an issue of negligence on his part. The court properly refused to submit the case to the jury.

In view of our decision, it is unnecessary to consider the question of decedent's contributory negligence.

The judgment must be and the same hereby is affirmed.

Mr. Justice Peterson, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.